UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 09-31249-DHW
                                                   Chapter 13
JAMES T. COLEY,

      Debtor.

ORDER DISMISSING CASE

The bankruptcy administrator filed a motion on May 28, 2009 to dismiss this case because of the debtor's failure to obtain credit counseling before filing this chapter 13 case as required under 11 U.S.C. § 109(h).

The debtor filed a sworn certification on June 22, 2009 requesting an exemption from the requirement based on exigent circumstances. The certification states that the debtor filed the petition to prevent the imminent repossession of his home. The debtor filed the chapter 13 petition on May 12, 2009, received credit counseling on May 19, 2009, and filed a certificate of the counseling on May 20, 2009.

The motion to dismiss came on for hearing on June 22, 2009. The bankruptcy administrator's motion is predicated on a prior case of this court, *In re Bethea*, Case No. 07-10232 (Bankr. M.D. Ala. May 11, 2007), holding that, to comply the statute, a debtor must request the credit counseling with an approved agency prepetition. The debtor requested an opportunity to submit a legal brief on the issue.

The debtor cites to the case of *In re Enloe*, 373 B.R. 123 (Bankr. D. Colo. 2007). The *Enloe* court holds that a bankruptcy court has discretion in deciding whether to dismiss a case for failure of the debtor to comply with the literal terms of the credit counseling requirement. The court does not find *Enloe* or other cases like it persuasive.

11 U.S.C. § 109(h)(1) states that "an individual may not be a debtor

under this title unless such individual has, during the 180-day period preceding the date of filing of the petition" received credit counseling from an approved provider. A debtor may obtain a temporary exemption from the requirement if the debtor files a certification (1) describing exigent circumstances that merit a waiver of the requirement; (2) stating that the debtor requested counseling from an approved provider but was unable to obtain the services during the 5-day period following the request; and (3) that is satisfactory to the court. 11 U.S.C. § 109(h)(3)(A).

"The three requirements . . . are conjunctive; the debtor must satisfy all three to be eligible for a deferral." *Clippard v. Bass*, 365 B.R. 131, 135 (W.D. Tenn. 2007). The requirements are mandatory, and the court does not have discretion to waive the requirements. *In re Ruckdaschel*, 364 B.R. 724 (Bankr. D. Idaho 2007); *In re Lackey*, 352 B.R. 769, 771 (Bankr. N.D. W. Va. 2006); *In re Dyer*, 381 B.R. 200, 205 (Bankr. W.D.N.C. 2007) ("Congress did not give bankruptcy judges the right to selectively enforce the §109(h) requirements under equitable principles"). Another court has stated: "[A]lthough the eligibility requirements of § 109(h) may not be jurisdictional, they are also not freely waivable at the court's discretion, but only, if at all, to prevent an abuse of the bankruptcy system." *In re Bain*, 2008 WL 2570831, *2 (Bankr. E.D. Va. June 23, 2008).

In the instant case, the debtor did not meet the requirements of § 109(h) because he did not make a prepetition request for credit counseling. The requirement is mandatory, and the case must be dismissed.

In addition, the court notes that a debtor who files the requisite certification under § 109(h)(3)(A) may obtain a 30-day exemption from the credit counseling requirement. For cause, the court may extend this period for an additional 15 days. 11 U.S.C. § 109(h)(3)(B). In the instant case, the debtor did not file the requisite certification until more than 30 days after the petition was filed. Nor has the debtor demonstrated cause why that period should be extended. For the reasons stated, it is

ORDERED that this chapter 13 case is DISMISSED.

Done this 6th day of July, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Richard A. Lawrence, Attorney for Debtor
   Teresa R. Jacobs, Bankruptcy Administrator
   Curtis C. Reding, Trustee